## UNITED STATES v. 5 DRUMS CONTAINING 250 GALLONS OF WOOD STAIN.

### No. 3370.

District Court, D. Connecticut.

June 5, 1930.

John Buckley, U. S. Atty., and John A. Danaher, Asst. U. S. Atty., both of Hartford, Conn.

Benjamin Slade, of New Haven, Conn., for defendant.

THOMAS, District Judge.

By its libel, set forth in two counts, the United States seeks to condemn by decree of forfeiture 5 drums containing 250 gallons of wood stain which were duly imported and entered at Customs District No. 6 at New Haven, Conn.

The interested parties have joined issue by the pleadings, and thereafter in writing stipulated all and the pertinent facts relative to the issues raised, and agree that the case may proceed to final judgment upon decision of the issues and claims of law based on the agreed statement of facts as fully as if found by the court.

By the stipulation it is agreed that the suit is based upon a breach of the provisions of section 593(a) and 593(b) of the Tariff Act of 1922 (19 USCA §§ 496, 497) and title 3 of the Prohibition Act (27 USCA §§ 63, 71–89) and the regulations thereunder. That on or about March 16, 1929, the claimant, the Charlotten Chemisch Fabrik of Montreal, Canada, by its customs broker in New Haven, caused the shipment into this district of 5 drums containing wood stain which was imported through Customs Collection District No. 2 at Newport, Vt., from Montreal and entered at Customs District No. 6 at New Haven on May 15, 1929. That under an invoice dated March 14, 1929, at Montreal, a consumption entry was made by the customs service itemizing 5 drums containing 250 gallons of wood stain, entered under Tariff Act, § 1, paragraph 68 (19 USCA § 121, par. 68), entry value $128, rate 25 per cent., payable $32, and 5 steel drums, entered under Tariff Act, § 1, paragraph 328 (19 USCA § 121, par. 328), entry value $50, rate 25 per cent., payable $12.50. That on May 15, 1929, pay-ment of tariff totaling $44.50 was made at New Haven, and the further sum of $3.75 was there paid and receipted for as "Miscellaneous Collections on account of fees, work performed, cording and sealing, storage, labor, cartage, etc." That the shipment was detained at New Haven for an examination of the contents, after which it was discovered that the stain contained 89.1 per cent. of alcohol by volume and that the formula under which the stain was manufactured and prepared fails to conform to the formulæ authorized for the shipments of alcohol, either of Ethyl alcohol or alcohol denatured in accordance with regulations lawfully issued by the Commissioner of Prohibition pursuant to title 3 of the National Prohibition Act (27 USCA §§ 63, 71–89). It is further stipulated that the claimant at all times, in making, entering, and shipping the 5 drums of wood stain, acted willfully and knowingly. That on July 24, 1929, the Commissioner of Prohibition decided that the sample taken from the wood stain failed to conform to the formulæ approved by the commissioner for the manufacture of similar wood stain by domestic manufacturers. And, finally, that the deputy collector of customs at New Haven seized the shipment on or about September 5, 1929, and that the whole shipment was thereafter libeled in this action and seized by the marshal and is now in his custody.

Paragraph 68 of section 1 of the Tariff Act of 1922 (19 USCA § 121, par. 68) fixes a 25 per cent. ad valorem duty on " *   *   * stains   *   *   * whether dry, mixed, or ground in or mixed with water, oil, or solutions other than oil, not specially provided for.   *   *   * "

Under this provision imported stains are subject to a duty of 25 per cent. ad valorem. The entry value of the stain here involved is conceded. The 5 steel drums or containers of the stain have an unquestioned value of $50, and so, under paragraph 328 of the Tariff Act, are subject to a duty of 25 per cent. ad valorem. All these duties and other charges imposed by the customs officer were paid and accepted by the customs authorities.

From the argument it is clear that the government contends that if the wood stain in question contains a large percentage of alcohol, the product becomes contraband and cannot be imported. Yet the presence of alcohol in this product does not deprive it of its fixed character, viz., a "stain."

■ In paragraphs 10, 13, 24, 62, and 77 of section 1 of the Tariff Act of 1922 (19 USCA § 121, pars. 10, 13, 24, 62 and 77), Con-

gress fixed the amount of duty on specifically named articles containing a fixed quantity of alcohol, and by some of these provisions such duty is increased on merchandise having a larger percentage of alcohol than the minimum amount fixed. These provisions, however, in no way relate to importation of "stains." Under paragraph 68 of section 1 of the act, there is no limitation or qualification of the term "stains." In Treasury Decision No. 32690 dated July 1, 1912, In re Sheep Dip, it was held that by the Tariff Act of 1897, "sheep dip" which included compounds and preparations that could be used for other purposes carried an import duty, but a later Tariff Act omitted the former limitations and qualifications as to sheep dip, and it was held to be on the free list though such sheep dip contained compounds and preparations suitable for other uses. In this decision reference was also made to Treasury Decision No. 32488 of August 7, 1911, where it was also held: "That 'sheep dip' in paragraph 669 (of the Tariff Act of 1897) is one without words of limitation or qualification, and accordingly embraces all compounds or preparations known as 'sheep dip' * * * irrespective of the fact that they may be used for other purposes, and the Board reaffirmed this decision."

A subsequent Treasury Decision in point is No. 39094 dated April 25, 1922. There it was held that "soap," though containing 7 per cent. alcohol, carried a duty of 5 per cent. ad valorem as provided for in the paragraph relating to soap, and not 10 cents per pound and 20 per cent. ad valorem, under another paragraph of the Tariff Act fixing duties on alcoholic chemical preparations. See also United States v. Farbenfabriken of Elberfeld Co., 3 Ct. Cust. App. 358, 23 Treas. Dec. 331. In this case Judge Barber held: "The presence of alcohol does not take soap out of the soap paragraph and put it into the paragraph covering alcoholic preparations."

So I conclude that here, even though the wood stain in question contains a large quantity of alcohol, the duty to be imposed is specified in paragraph 68 of section 1 of the Tariff Act of 1922, and not under the other paragraphs of the Tariff Act here applicable relative to specifically enumerated articles containing alcohol. The product here involved does not lose its characterization as a "stain" because of the presence therein of alcohol and place such product under other provisions of the Tariff Act covering specifically designated preparations containing alcohol.

Another ground pleaded in the libel as a cause for forfeiture is an alleged violation of sections 593(a) and 593(b) of the Act of 1922 (19 USCA §§ 496, 497). These paragraphs deal with smuggling and clandestine importations. No facts are set forth in the stipulation bringing this case within either section of the act. On the contrary, it is conceded that the drums and the stain were imported and duly entered and cleared by the customs officers in New Haven.

The government further insists that the product in question was not manufactured in Montreal under a formula prescribed by the regulations promulgated by the Secretary of the Treasury covering the manufacture in the United States of Ethyl alcohol or denatured alcohol, and hence it is claimed that under the National Prohibition Act this importation is unlawful.

It must be remembered that this case deals with a product known as "stain" and not with Ethyl or denatured alcohol. There seems to be no provision in the act prescribing how "stain" shall be made in foreign countries, or that the Secretary of the Treasury, under the National Prohibition Act, can regulate, restrict, or limit the importation of stains which are specifically designated in the Tariff Act of 1922 as a product which may and can be imported and entered upon the payment of the prescribed duty. If, for the better enforcement of the National Prohibition Act, it seems advisable that the importation of "stains" containing alcohol be prohibited by regulation or otherwise, the Congress alone has the power to so declare and no such authority is vested in the courts. The law must be applied as we find it, and not otherwise; nor has the court the power by judicial interpretation to enact legislation.

For the reasons herein stated, I conclude that the 5 drums containing 250 gallons of wood stain were lawfully imported; that its seizure and detention by the collector of customs was without warrant in law; that the attachment issued must be dismissed; that the stain and containers be released and delivered to the claimant; and that the libel be and is hereby dismissed.

Submit decree accordingly.